# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 19-1993 PA (MAAx) | Date | May 30, 2019 |
|---|---|---|---|
| Title | Mel Kleinman v. Bev-Mo, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—COURT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26, and this Court's April 23, 2019, Order Scheduling Meeting of Counsel and Setting Scheduling Conference, the parties were required to meet and confer by May 13, 2019, and jointly file a scheduling report by May 20, 2019. The Court's April 23, 2019, Order warns: "**The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering default, and/or the imposition of sanctions.**" (Docket No. 16 at 3 (emphasis in original).) To date, the Court has not received a Joint Scheduling Report even though the Scheduling Conference is calendared for June 3, 2019. Nor have the parties provided any explanation regarding their failure to participate in this process.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 – that defendant "may" move for dismissal – does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1993 PA (MAAx) | Date | May 30, 2019 |
|---|---|---|---|
| Title | Mel Kleinman v. Bev-Mo, et al. | | |

(9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

    The third Henderson factor at least marginally favors dismissal. Defendants may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

    In considering the fourth and fifth Henderson factors, this Court's Order Setting Scheduling Conference, as noted above, warned that "failure to submit a joint report in advance of the Scheduling Conference . . . may result in the dismissal of the action." Despite this warning, the parties failed to submit the required report. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    As a result of the parties' violation of the Order Setting Scheduling Conference, this action is dismissed without prejudice. See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.